FILED

FEB 10 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MILTON,<br><br>　　　　Petitioner,<br><br>vs.<br><br>GERALD JANDA, Warden,<br><br>　　　　Respondent. | No. C 12-5758 EJD (PR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner proceeding with counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Petitioner has paid the filing fee.

**BACKGROUND**

According to the petition, an Alameda County jury found Petitioner guilty of first degree murder and found true the special circumstance and firearm use allegations. (Pet. at 2.) Petitioner was sentenced to life without the possibility of parole. (Id.)

Petitioner has exhausted his state court remedies. (Id.)

//
//
//

Order to Show Cause
G:\PRO-SE\EJD\HC.12\Milton 5758 OSC.rmh2.wpd

## DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Legal Claims</u>

Petitioner raises three grounds for relief: (1) ineffective assistance of counsel; (2) violation of Petitioner's due process rights by the trial court's admission of evidence of the felony murder conviction of Juan Milton, Petitioner's brother, and failure to give the jury a limiting instruction; and (3) violation of Petitioner's privilege against self-incrimination by the trial court's admission of incriminating statements Petitioner made to the police while in the hospital for multiple gunshot wounds. Liberally construed, these claims are cognizable under § 2254 and merit an answer from Respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this Order and the petition and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner and Petitioner's attorney.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60) days** of the issuance of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on

1  Petitioner's counsel a copy of all portions of the state trial record that have been
2  transcribed previously and that are relevant to a determination of the issues presented
3  by the petition.
4       If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
5  with the Court and serving it on Respondent within **thirty (30) days** of his receipt of
6  the answer.
7       3.    Respondent may file a motion to dismiss on procedural grounds in lieu of
8  an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
9  Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file
10 with the Court and serve on Respondent an opposition or statement of non-opposition
11 within **thirty (30) days** of receipt of the motion, and Respondent shall file with the
12 Court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any
13 opposition.

DATED: 2/7/14

EDWARD J. DAVILA
United States District Judge